# Exhibit A

Complete Copy of State Court Action

Electronically Filed
7/25/2019 2:33 PM
Steven D. Grierson
CLERK OF THE COURT

**COMP**
CHRISTOPHER R. MILTENBERGER, ESQ.
Nevada Bar No. 10153
JASON K. HICKS, ESQ.
Nevada Bar No. 13149
GREENBERG TRAURIG, LLP
10845 Griffith Peak Drive, Suite 600
Las Vegas, NV 89135
Telephone: (702) 792-3773
Facsimile: (702) 792-9002
Email: miltenbergerc@gtlaw.com
        hicksja@gtlaw.com

*Counsel for Plaintiff Las Vegas Sands, LLC*

CASE NO: A-19-799126-C
Department 32

## DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| LAS VEGAS SANDS, LLC, a domestic limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>ELIZABETH KAPLAN, individually; DOE I, AS THE ADMINISTRATOR OF THE ESTATE OF JOSEPH S. KAPLAN; DOES II through X, inclusive; ROE entities I through X, inclusive,<br><br>Defendants. | Case No.:<br>Dept. No.:<br><br><br>**COMPLAINT**<br><br>**Arbitration Exempt – Value in Excess of $50,000; Declaratory Relief Requested** |

Plaintiff, Las Vegas Sands, LLC ("Plaintiff" or "LVS"), by and through its attorneys of record, hereby complains and alleges against Defendants Elizabeth Kaplan and DOE I as the Administrator of the Estate of Joseph S. Kaplan, as follows:

## THE PARTIES

1. Plaintiff is a domestic corporation with its principal place of business in Clark County, Nevada.

2. Upon information and belief, defendant Elizabeth Kaplan ("Elizabeth") is a citizen and resident of the State of California.

3. Defendant DOE I is the Administrator of the Estate of Joseph S. Kaplan (the "Estate"). Upon information and belief, letters of administration relating to the appointment of an Administrator or Special Administrator of the Estate have not yet been issued. Plaintiff therefore names DOE I as the Administrator of the Estate and will seek leave to amend the Complaint to substitute in the appropriate individual in his or her capacity as the Administrator or Special Administrator of the Estate at a later time after an Administrator or Special Administrator has been appointed, letters of administration of have been issued, and such information becomes known to Plaintiff.

4. The true names and capacities, whether individual, corporate, associate, or otherwise of Defendants DOES II through X and ROE entities I through X, including, but not limited to, Defendants' officers, agents, servants, employees, representatives, or related persons or entities are not currently known to Plaintiff and as such cannot yet be named herein. Therefore, Plaintiff sues said Defendants by such fictitious names. Plaintiff is informed and believes, and on such basis alleges, that each of the Defendants designated as DOES II through X and ROE entities I through X is responsible in some manner for the events and occurrences referred to in this Complaint, and/or may be affiliated with one of the other Defendants. Plaintiff will seek leave of this Court to amend this Complaint and insert the true names and capacities of DOES II through X and ROE entities I through X and to join said Defendants in this action when the same have been ascertained.

## VENUE AND JURISDICTION

5. Jurisdiction is proper in this Court because these claims seek legal relief involving parties and/or their heirs, assigns, and representatives that transacted business in the State of Nevada, the conduct complained of herein substantially took place in the State of Nevada, and/or the Defendants are responsible for debt which was incurred in Nevada.

6. This Court has jurisdiction over Elizabeth because, under Nevada law, a spouse is liable for the debts of his or her spouse incurred during marriage, and a creditor may recover from the couple's community property. Moreover, Elizabeth frequented Las Vegas dozens of times, stayed at Plaintiff's properties, accepted the benefits of transacting business in Nevada on many occasions, and was present in Nevada with her husband when he incurred at least some of the subject debts and

enjoyed the benefits provided to her and decedent in connection with his gaming in which he incurred such debts.

7. This Court has jurisdiction over the Estate because, under Nevada law, where a Court would have jurisdiction over the decedent if he or she were alive, as it would it here, it accordingly has jurisdiction over the decedent's estate. *Hotel Ramada of Nevada v. Estate of Cheek*, 716 F. Supp. 473 (D. Nev. 1989).

8. Prior to his passing, Joseph S. Kaplan, decedent, signed written agreements (*i.e.,* the "Markers," as defined herein) whereby he agreed to "submit to the exclusive jurisdiction of the State Courts in Clark County, Nevada for the exclusive determination of any claim related to or arising from this instrument, [his] credit line or [his] gaming activities in Nevada."

9. Pursuant to NRS 13.040, Clark County, Nevada, is the proper venue for resolution of the claims contained herein as the debt at issue, for which Defendants are responsible, was incurred in Las Vegas, Nevada.

## GENERAL ALLEGATIONS

10. Plaintiff incorporates by reference all allegations contained in all preceding paragraphs and reasserts those allegations as though fully set forth herein.

11. Joseph Kaplan ("Joseph"), now deceased, was an avid, high-stakes gambler who frequently stayed and gambled at various Las Vegas casinos, including, but not limited to, The Venetian Resort and The Palazzo Las Vegas, both owned and operated by LVS.

12. Upon information and belief, Joseph married defendant Elizabeth in or around the year 2008, and the couple resided at various residences located in southern California and Colorado while married.

13. Joseph and Elizabeth frequently visited Las Vegas to vacation, and in particular to gamble. Plaintiff routinely provided complementary chartered private planes for both Joseph and Elizabeth, sometimes together, sometimes individually, and transported them to and from Las Vegas and southern California on numerous occasions. In particular, Elizabeth individually received at least two dozen chartered flights to or from Las Vegas, at Plaintiff's expense, between December 2015 and April 2018. Joseph stayed at Plaintiff's properties on more than thirty occasions during this time.

3

14. Plaintiff provided complementary goods and services to both Joseph and Elizabeth while they were in Las Vegas such as spa treatments and other amenities, which Joseph and Elizabeth readily accepted. Indeed, on multiple occasions, Plaintiff arranged for butler services to make particular products available to Elizabeth upon her arrival, at her specific request, and to arrange spa treatments for her. Joseph and Elizabeth were regulars at Plaintiff's properties, frequently demanding, and receiving, various valuable services at no cost to them as a result of Joseph's gambling at the properties.

15. Joseph often took out credit markers to gamble at Plaintiff's properties and various other casinos in Las Vegas. On one particular trip to Las Vegas, Joseph gambled at Plaintiff's Venetian and/or Palazzo properties and, in doing so, requested and executed seven separate credit markers between April 22 – May 4, 2018, and received $6,988,000 in credit from Plaintiff (hereinafter collectively referred to as the "Markers").

16. Joseph also maintained a safekeeping deposit account at Plaintiff's property.

17. Each of the Markers contained a provision binding Joseph to the exclusive jurisdiction of the state courts in Clark County, Nevada, for the determination of any claim related to, or arising from, the Markers, his credit line, or his gaming activities in Nevada. Among other terms, the Markers also provided that, in the event the event the Markers were not repaid in full, Joseph agreed to be liable for interest at the rate of 18% per annum from the date the particular Marker was dishonored, plus all costs of collection, attorneys' fees, litigation costs, and any other amounts authorized by law.

18. Upon information and belief, Joseph passed away in or around July 2018.

19. Prior to his passing, Joseph did not repay any portion of the $6,988,000 owed under the Markers.

20. Joseph and Elizabeth were married at the time Joseph took out the Markers and incurred the debt, and the two remained married until Joseph's death.

21. Upon information and belief, Elizabeth was with Joseph in Las Vegas when he obtained at least one of the Markers.

22. Elizabeth specifically and personally benefited from the credit provided to Joseph by way of the Markers.

4

ACTIVE 44704937v2

23. Nevada and California are both community property states. With some exceptions not relevant here, under the laws of both states, an individual is liable to a creditor for the debts incurred by his or her spouse during marriage and recovery may be had against their community property.

24. As such, Elizabeth, as a member of the marital community with Joseph, is personally liable to Plaintiff for the debts incurred by Joseph under the Markers in the full amounts set forth therein, which may be satisfied by the community property of the marital community.

25. Similarly, Plaintiff is entitled to, and hereby seeks, recovery against DOE I as the representative of Joseph's Estate, which itself is liable to Joseph's creditors for his debts, Plaintiff included. *Hotel Ramada of Nevada v. Estate of Cheek*, 716 F. Supp. 473 (D. Nev. 1989) (exercising jurisdiction over out-of-state representative of a decedent's estate to enforce collection by casino of gambling markers owed by decedent); *see also Linthicum v. Shenkman*, 2013 U.S. Dist. LEXIS 130180, *5-6 (S.D. Cal. Sept. 10, 2013) ("The Court may properly exercise personal jurisdiction over Zielony's estate, of which Defendant is executor, so long as the Court could properly exercise personal jurisdiction over Zielony, assuming he were alive.") (citing *Hartog v. Jots, Inc.*, C 03-2986 SBA, 2004 U.S. Dist. LEXIS 24267, 2004 WL 2663197 (N.D. Cal. Jan. 9, 2004) ("If a decedent has minimum contacts with a forum state, then so too does his estate."); *SongByrd, Inc. v. Estate of Grossman*, 206 F.3d 172, 181 (2d Cir. 2000).

26. Plaintiff is informed and believes that no probate proceeding has been initiated by Joseph's heirs or interested party related to the Estate and therefore alleges, based upon such information and belief, that letters of administration relating to the appointment of an Administrator or Special Administrator of the Estate have not yet been issued. Plaintiff therefore names DOE I as the Administrator of the Estate and will seek leave to amend this Complaint to substitute in the appropriate individual in his or her capacity as the Administrator or Special Administrator of the Estate at a later time.

# FIRST CLAIM FOR RELIEF

**Breach of Contract**

27.  Plaintiff incorporates by reference all allegations contained in all preceding paragraphs and reasserts those allegations as though fully set forth herein.

28.  Plaintiff and Joseph were parties to valid, existing contracts, specifically seven separate credit markers executed between April 22 – May 4, 2018, in the total amount of $6,988,000.

29.  Joseph agreed to pay interest on the Markers at the rate of 18% per annum from the date the particular marker was dishonored, plus all costs of collection, attorneys' fees, litigation costs, and any other amounts authorized by law.

30.  Joseph refused or otherwise failed to pay any amounts towards principal or interest on the Markers.

31.  Plaintiff performed all material obligations under the Markers, or its performance was otherwise excused.

32.  Joseph breached his obligations under the Markers by failing to repay any portion of the debt, whether it be principal, interest, fees, premiums, costs, or expenses.

33.  As a direct and proximate result of Joseph's breaches, Plaintiff has suffered damages in an amount in excess of $15,000.00.

34.  Defendants, including Elizabeth and DOE I as Administrator of the Estate, are each jointly and severally liable for Joseph's debts under the Markers.

35.  Defendants, or their representatives, have disavowed any obligation to repay the Markers since Joseph's passing and have triggered their obligation under the Markers to pay Plaintiff interest, costs, and fees associated with the debt and its recovery, as provided by the Markers.

36.  Kaplan's and Defendants' acts and omissions have also caused and required Plaintiff to obtain the services of counsel to prosecute its claims. Therefore, Plaintiff is entitled to an award of reasonable attorneys' fees and costs in addition to the other damages it has sustained as contemplated by the Markers.

6

ACTIVE 44704937v2

## SECOND CLAIM FOR RELIEF

### Unjust Enrichment

37. Plaintiff incorporates by reference all allegations contained in all preceding paragraphs and reasserts those allegations as though fully set forth herein.

38. Joseph, and Elizabeth as a member of the marital community jointly and severally liable for the debts of the community, voluntarily accepted, and Defendants have retained the value and benefit of, the loans made to him under the Markers.

39. Plaintiff performed all obligations owed under the Markers, to its detriment, now being owed more than seven million dollars, representing the debt, interest, attorneys' fees and costs incurred in seeking collection of the outstanding debt.

40. Defendants have unjustly retained that money with the community property assets, the Estate, and Elizabeth having been enriched by the same. To permit Defendants to keep said money under the circumstances would offend fundamental principles of justice, equity and good conscience.

41. As a direct and proximate result of the foregoing, Plaintiff has suffered damages in an amount in excess of $15,000.00.

42. Defendants' acts and omissions have also caused and required Plaintiff to obtain the services of counsel to prosecute its claims. Therefore, Plaintiff is entitled to an award of reasonable attorneys' fees and costs in addition to the other damages it has sustained as contemplated by the Markers.

## THIRD CLAIM FOR RELIEF

### Declaratory Relief

43. Plaintiff incorporates by reference all allegations contained in all preceding paragraphs and reasserts those allegations as though fully set forth herein.

44. Plaintiff seeks a declaratory judgment that Joseph breached his obligations to Plaintiff under the Markers.

45. Nevada and California are both community property states. With some exceptions not relevant here, under the laws of both states, an individual is liable to a creditor for the debts incurred by his or her spouse during marriage, and recovery may be had against the community property.

7

ACTIVE 44704937v2

46. As such, Plaintiff further seeks a declaratory judgment that Elizabeth is personally liable to Plaintiff for Joseph's debts under the Markers, to be paid to Plaintiff out of Joseph's and Elizabeth's community property assets.

47. Moreover, upon information and belief, DOE I is the personal representative and Administrator of Joseph's Estate, and an estate is liable for the debts of the decedent. As such, Plaintiff seeks a declaratory judgment that the Estate is liable to Plaintiff for Joseph's debts under the Markers.

48. As a direct and proximate result of the foregoing, Plaintiff has suffered damages in an amount in excess of $15,000.00.

49. Defendants' acts and omissions have also caused and required Plaintiff to obtain the services of counsel to prosecute its claims. Therefore, Plaintiff is entitled to an award of reasonable attorneys' fees and costs in addition to the other damages it has sustained as contemplated by the Markers.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for judgment against Defendants, jointly and severally, as follows:

1. For declaratory relief that Joseph Kaplan breached his obligations to Plaintiff under the Markers;

2. For declaratory relief that Elizabeth Kaplan is liable for her deceased husband, Joseph Kaplan's, gaming debts under the Markers;

3. For declaratory relief that DOE I, as the Administrator of Joseph Kaplan's Estate, is liable to Plaintiff for Joseph Kaplan's gaming debts under the Markers;

4. For damages in excess of Seven Million Dollars representing the unpaid principal, interests, attorneys' fees and collection costs associated with the Markers;

5. For pre-judgment and post-judgment interest on the foregoing sums at the highest rate permitted by contract or law;

6. For an award of attorney's fees and costs incurred in prosecuting this action; and

ACTIVE 44704937v2

7. For such other and further relief as the Court may deem just and proper.

DATED this 25th day of July 2019.

                                                  GREENBERG TRAURIG, LLP

                                                  */s/ Christopher R. Miltenberger*
                                                  CHRISTOPHER R. MILTENBERGER, ESQ.
                                                  Nevada Bar No. 10153
                                                  JASON K. HICKS, ESQ.
                                                  Nevada Bar No. 13149
                                                  10845 Griffith Peak Drive, Suite 600
                                                  Las Vegas, NV 89135
                                                  *Attorneys for Plaintiff Las Vegas Sands, LLC*

Greenberg Traurig, LLP
10845 Griffith Peak Drive, Suite 600
Las Vegas, Nevada 89135
(702) 792-3773
(702) 792-9002 (fax)

ACTIVE 44704937v2

Electronically Filed
7/25/2019 2:33 PM
Steven D. Grierson
CLERK OF THE COURT

**IAFD**
CHRISTOPHER R. MILTENBERGER, ESQ.
Nevada Bar No. 10153
JASON K. HICKS, ESQ.
Nevada Bar No. 13149
GREENBERG TAURIG, LLP
10845 Griffith Peak Drive, Suite 600
Las Vegas, NV 89135
Telephone: (702) 792-3773
Facsimile: (702) 792-9002
Email: miltenbergerc@gtlaw.com
  hicksja@gtlaw.com
*Counsel for Plaintiff Las Vegas Sands, LLC*

CASE NO: A-19-799126-C
Department 32

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

| | |
|---|---|
| LAS VEGAS SANDS, LLC, a domestic limited liability company, <br><br> Plaintiff, <br><br> v. <br><br> ELIZABETH KAPLAN, individually; DOE I, AS THE ADMINISTRATOR OF THE ESTATE OF JOSEPH S. KAPLAN; DOES II through X, inclusive; ROE entities I through X, inclusive, <br><br> Defendants. | Case No.: <br> Dept. No.: <br><br> **INITIAL APPEARANCE FEE DISCLOSURE** <br><br> **Exempt from Arbitration** <br> **Amount in Controversy Exceeds $50,000;** <br> **Declaratory and Injunctive Relief Sought** |

Pursuant to NRS Chapter 19, as amended by Assembly Bill 65, filing fees are submitted for the parties appearing in the above-entitled action as indicated below:

LAS VEGAS SANDS                 $ 270.00

**TOTAL:**                 **$ 270.00**

DATED this 25th day of July 2019.

GREENBERG TAURIG, LLP

*/s/ Christopher R. Miltenberger*
CHRISTOPHER R. MILTENBERGER, ESQ.
Nevada Bar No. 10153
JASON K. HICKS, ESQ.
Nevada Bar No. 13149
10845 Griffith Peak Drive, Suite 600
Las Vegas, NV 89135
*Attorneys for Plaintiff Las Vegas Sands, LLC*

ACTIVE 44792531v1

```
SUMM
CHRISTOPHER R. MILTENBERGER, ESQ.
Nevada Bar No. 10153
JASON K. HICKS, ESQ.
Nevada Bar No. 13149
GREENBERG TRAURIG, LLP
10845 Griffith Peak Drive, Suite 600
Las Vegas, NV 89135
Telephone: (702) 792-3773
Facsimile:  (702) 792-9002
Email: miltenbergerc@gtlaw.com
       hicksja@gtlaw.com
```

*Counsel for Plaintiff Las Vegas Sands, LLC*

## DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| LAS VEGAS SANDS, LLC, a domestic limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>ELIZABETH KAPLAN, individually; DOE I, AS THE ADMINISTRATOR OF THE ESTATE OF JOSEPH S. KAPLAN; DOES II through X, inclusive; ROE entities I through X, inclusive,<br><br>Defendants. | CASE NO: A-19-799126-C<br>Dept. No.: Department 32<br><br>**SUMMONS**<br><br>**Exempt from Arbitration**<br>**Amount in Controversy Exceeds $50,000; Declaratory and Injunctive Relief Sought** |

NOTICE! YOU HAVE BEEN SUED, THE COURT MAY DECIDE AGAINST YOU WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND WITHIN 20 DAYS, READY THE INFORMATION BELOW.

TO THE DEFENDANT(S):

    **ELIZABETH KAPLAN, Individually**

A civil Complaint has been filed by the Plaintiff against you for the relief set forth in the Complaint requesting a Judgment against you.

1. If you intend to defend this lawsuit, within 21 days after this Summons is served on you, exclusive of the day of service, you must do the following:

*ACTIVE 44792737v1*

Case Number: A-19-799126-C

  a. File with the Clerk of this Court, whose address is shown below, a formal written response to the Complaint in accordance with the rules of the Court, with the appropriate filing fee.

  b. Serve a copy of your response upon the attorney whose name and address is listed below.

2. Unless you respond, your default will be entered upon application of the Plaintiff and this Court may enter a judgment against you for the relief demanded in the Complaint, which could result in the taking of money or property or other relief requested in the Complaint.

3. If you intend to seek the advice of an attorney in this matter, you should do so promptly so that your response may be filed on time.

4. The State of Nevada, its political subdivisions, agencies, officers, employees, board members, commission members and legislators, each have 45 days after service of this Summons within which to file an answer or other responsive pleading to the Complaint.

STEVEN D. GRIERSON
CLERK OF THE COURT

By: /s/ Marie Kramer   7/25/2019
Deputy Clerk   Date
Regional Justice Center
200 Lewis Avenue
Las Vegas, Nevada 89155
Marie Kramer

Submitted by:

GREENBERG TRAURIG, LLP

By: /s/ Christopher R. Miltenberger
CHRISTOPHER R. MILTENBERGER, ESQ.
Nevada Bar No. 10153
JASON K. HICKS, ESQ.
Nevada Bar No. 13149
GREENBERG TRAURIG, LLP
10845 Griffith Peak Drive, Suite 600
Las Vegas, NV 89135

ACTIVE 44792737v1

Electronically Filed
8/28/2019 12:20 PM
Steven D. Grierson
CLERK OF THE COURT

# AFFIDAVIT OF SERVICE

## DISTRICT COURT CLARK COUNTY
## CLARK COUNTY, STATE OF NEVADA

LAS VEGAS SANDS, LLC, a domestic limited liability company,

Plaintiff(s)

v.

ELIZABETH KAPLAN, individually; et al.,

Defendant(s)

Case No.:A-19-799126-C
Christopher R. Miltenberger, Esq., Bar No.10153
GREENBERG TRAURIG, LLP
10845 Griffith Peak Drive, 600
Las Vegas, NV 89135
(702) 792-3773
*Attorneys for the Plaintiff(s)*

Client File# 137617.015200

I, Alfredo Ricardo Paz, being sworn, states: That I am a licensed process server registered in California. I received a copy of the Summons; Complaint, from GREENBERG TRAURIG, LLP

That on 8/18/2019 at 6:20 PM at 24616 Malibu Road, Malibu, CA 90265 I served Elizabeth Kaplan with the above-listed documents by personally delivering a true and correct copy of the documents by leaving with Elizabeth Kaplan.

That the description of the person actually served is as follows:
Gender: Female, Race: Caucasian, Age: 51 - 55 yrs., Height: 5'7 - 6'0, Weight: 161-180 lbs., Hair: Brown, Eyes:Hazel

I being duly sworn, states: that all times herein, Affiant was and is over 18 years of age, not a party to or interested in the proceedings in which this Affidavit is made. I declare under penalty of perjury that the foregoing is true and correct.

Date: 8-27-19

Alfredo Ricardo Paz
Registered Work Card# 3267
State of California

(No Notary Per NRS 53.045)

Service Provided for:
Nationwide Legal Nevada, LLC
626 S. 7th Street
Las Vegas, NV 89101
(702) 385-5444
Nevada Lic # 1656



Control #:NV192526NA
Reference: 137617.015200

Case Number: A-19-799126-C